UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Francisco Javier Naranjo, #317604,<br><br>       Petitioner,<br><br>vs.<br><br>Cecilia Reynolds,<br><br>       Respondent. | ) C/A No. 3:09-3238-RBH-JRM<br>)<br>)<br>)<br>) REPORT AND<br>) RECOMMENDATION<br>)<br>)<br>)<br>) |

  The petitioner, Francisco Javier Naranjo ("Petitioner"), proceeding *pro se*, brings this action pursuant to 28 U.S.C. § 2254 for habeas relief.[1] Petitioner is an inmate at the Kershaw Correctional Institution, a facility of the South Carolina Department of Corrections. Petitioner filed a one page document which has been liberally construed as a habeas petition. Petitioner also filed a two page document which has been construed as a motion to appoint counsel. Petitioner contends he is falsely imprisoned. It is presumed he is seeking release from prison. This action should be summarily dismissed because Petitioner has not exhausted state court remedies prior to filing for federal habeas corpus relief. His motion to appoint counsel should then be denied as moot.

### *Pro Se* Habeas Review

  Under established local procedure in this judicial district, a careful review has been made of the *pro se* petition filed in this case. The review was conducted pursuant to the procedural provisions of the Anti-Terrorism and Effective Death Penalty Act of 1996, Pub. L. 104-132, 110 Stat. 1214, and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992);

---

[1] Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B), and Local Rule 73.02(B)(2)(c), D.S.C., the undersigned is authorized to review such petitions for relief and submit findings and recommendations to the District Court.

*Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995).

This court is required to construe *pro se* petitions liberally. *Erickson v. Pardus*, 127 S.Ct. 2197, 2200 (2007). Such *pro se* petitions are held to a less stringent standard than those drafted by attorneys, and a federal district court is charged with liberally construing a petition filed by a *pro se* litigant to allow the development of a potentially meritorious case. *Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir.1978). When a federal court is evaluating a *pro se* petition, the petitioner's allegations are assumed to be true. *Hughes*, 449 U.S. at 9. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Social Servs.*, 901 F.2d 387 (4th Cir. 1990). Furthermore, this court is charged with screening the plaintiff's petition and attachments to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4 of Rules Governing Section 2254 Cases in the United States District Courts.

## Discussion

Petitioner's one page petition is jumbled, which is explained by Petitioner's request for an interpreter. He explains that "I am can't not writing/reading English," because he has not attended school in the United States, but he is now attending school while in prison. Although Petitioner states he is unable to write or read English, there is no indication that he did not write the petition, and he is able to convey his thoughts on paper, albeit in a disjointed way. In addition to his scant petition, Petitioner filed the court form AO240 seeking to proceed *in forma pauperis*. [Docket #2]. On that court form he wrote additional notes. He provides a South Carolina state court case number

2

and seems to indicate he filed something in that case in the Court of Common Pleas on Dec. 11, 2009.[2] Subsequently, Petitioner submitted a two page document directed to the Clerk of Court and a reference line indicating "Re: Petition - Motion for Writ of Habeas Corpus Certiorari," which was construed as a motion to appoint counsel. [Docket # 4]. The motion does again request appointment of counsel, but also appears to request a change of venue. Petitioner states "because I has been prejudice on County of Richland thats why do I am requesting for change the venue (Florence, S.C.)."[3]

The petition for a writ of habeas corpus under 28 U.S.C. § 2254 in this case should be dismissed because Petitioner has not exhausted his state remedies. With respect to his convictions and sentence, Petitioner's sole federal remedy is a writ of habeas corpus under 28 U.S.C. § 2254, which can be sought only after Petitioner has exhausted available state court remedies. *See* 28 U.S.C. § 2254(b); *Picard v. Connor*, 404 U.S. 270 (1971); *Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 490-491 (1973). The state court exhaustion requirement is found in the statute, 28 U.S.C. § 2254(b)(1), which provides that "[a]n application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears

---

[2] It is judicially noticed that the state court case number provided by Petitioner is his pending post conviction relief action in the Fifth Judicial Circuit, Court of Common Pleas, in Richland County, South Carolina. *See* Richland County Fifth Judicial Circuit Public Index Search, http://www4.rcgov.us/PublicIndex/PISearch.aspx?CourtType=G (last visited Jan. 22, 2010). This Court may take judicial notice of proceedings in other courts if those proceedings have a direct relation to matters at issue. *St. Louis Baptist Temple, Inc. v. FDIC*, 605 F.2d 1169, 1172 (10th Cir. 1979); *Green v. Warden, U.S. Penitentiary*, 699 F.2d 364, 369 (7th Cir. 1983); *Rodic v. Thistledown Racing Club, Inc*., 615 F.2d 736, 738 (6th Cir.1980) (federal courts may take judicial notice of proceedings in other courts of record).

[3] A change of venue from the state court system to the federal court system does not exist.

that (A) the applicant has exhausted the remedies available in the courts of the State." The exhaustion requirement is "grounded in principles of comity; in a federal system, the States should have the first opportunity to address and correct alleged violations of state prisoner's federal rights." *Coleman v. Thompson*, 501 U.S. 722, 731 (1991). The United States Court of Appeals for the Fourth Circuit, in *Matthews v. Evatt*, 105 F3d. 907 (4th Cir. 1997), found that "a federal habeas court may consider only those issues which have been 'fairly presented' to the state courts." The *Matthews* court further instructs that "[t]o satisfy the exhaustion requirement, a habeas petitioner must fairly present his claim to the state's highest court. The burden of proving that a claim has been exhausted lies with the petitioner." *Id.* at 910-11 (citations omitted).[4] Petitioner indicates he has a pending state court proceeding, which is judicially noticed as a pending post conviction relief action, in which he filed documents as recently as December 11, 2009. Clearly, Petitioner has not exhausted state court remedies, as required.

If a South Carolina prisoner's application for post conviction relief is denied or dismissed by a Court of Common Pleas, he or she can appeal the order of the post conviction relief judge. S.C. Code Ann. § 17-27-100. In fact, the PCR petitioner must seek appellate review of an adverse disposition from the PCR action, or federal collateral review of the grounds raised in the PCR will be barred by a procedural default. *See Whitley v. Bair*, 802 F.2d 1487, 1500 & n. 27 (4th Cir. 1986). Petitioner has an application for post conviction relief pending in state court. Therefore he has yet

---

[4] Where a habeas petitioner has failed to exhaust his state remedies and the state court would now find his claims procedurally barred, further exhaustion is not required. *See Coleman v. Thompson*, 501 U.S. 722 735 n.1 (1991). However, the federal court is precluded from hearing a procedurally defaulted claim unless the petitioner "can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." Id. at 750.

4

to exhaust his state court remedies as required.

The United States Court of Appeals for the Fourth Circuit has held that South Carolina's Post Conviction Procedure Act is a viable state court remedy. *See Miller v. Harvey*, 566 F.2d 879, 880-881 (4th Cir. 1977); and *Patterson v. Leeke*, 556 F.2d 1168, 1173 (4th Cir. 1977). Since the petitioner has a viable state court remedy which has not been fully utilized, the petition should be dismissed for failure to exhaust state court remedies. The petition should be dismissed without prejudice to allow the petitioner to exhaust state court remedies prior to filing any future federal habeas petition.

## **Recommendation**

Accordingly, it is recommended that the petition for a writ of habeas corpus in this case be dismissed *without prejudice* and without issuance and service of process upon the respondents.

It is further recommended that the petitioner's motion to appoint counsel be denied as moot if the petition is dismissed.

Joseph R. McCrorey
United States Magistrate Judge

February 9, 2010
Columbia, South Carolina

**The Petitioner's attention is directed to the important notice on the following page.**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).